IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
OCT 16 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| UNITED STATES OF AMERICA, | CR 19–18–BU–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM DAVID HUTTON, | |
| Defendant. | |

Following completion of a competency evaluation conducted at Federal Detention Center SeaTac, the Court held a competency hearing in the above-captioned case on October 15, 2019. Defendant William David Hutton was present and represented by counsel, John Rhodes. The United States of America was represented by Ryan G. Weldon. The author of the competency evaluation, Forensic Unit Psychologist Dr. Cynthia Low testified via video teleconference regarding her report.

In her report, Dr. Low diagnosed Hutton as follows: (1) rule out psychotic disorder due to Graves' disease, with delusions; (2) other specified anxiety disorder; (3) other specified trauma and stressor-related disorder; and (4) mild cannabis use disorder, in early remission. Dr. Low determined that Hutton suffers from paranoid delusions, possibly as a result of suffering from Graves' disease, and for this reason, he would not be able to meaningfully participant in his defense.

1

She indicated her belief that Hutton required inpatient competency restoration treatment.

The government agreed with Dr. Low's assessment. Defense counsel concurred and additionally requested that Hutton receive mental health counseling and treatment for Graves' disease. Hutton requested placement at FMC Butner in North Carolina.

If, after holding a competency hearing, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).

To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396–97, 400–01 (1993) (citations omitted). The defendant must have the "capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

After considering Dr. Low's report, testimony, and the arguments presented by counsel, the Court finds by a preponderance of the evidence that Hutton is not competent to stand trial at this juncture. Hutton's delusions, whatever their cause, impair his ability to consult with his lawyer and make rational decisions regarding his defense. Pursuant to § 4241(d), the Court will order Hutton to the Attorney General to receive competency restoration treatments. Additionally, the Court believes that treatment for Graves' disease and mental health counseling, to the extent such treatment is available and deemed appropriate, will be important to restoring Hutton's competency. The Court requests placement at FMC Butner. Accordingly,

IT IS ORDERED that:

(1) Defendant William David Hutton is declared mentally incompetent to stand trial in this cause and is recommitted to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize Hutton for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit his trial to proceed.

(3) The medical personnel supervising Hutton's treatment shall produce a brief status report every 30 days summarizing his condition, progress, and course of treatment.

(4) Said status report, as well as any additional or final reports on Hutton's medical or psychological condition, shall be disclosed to defense counsel and the United States Attorney and filed with this court under seal.

(5) The Clerk of Court shall notify the United States Marshals Service of the entry of this Order.

Additionally, IT IS RECOMMENDED that Hutton receive medical treatment for Graves' disease and mental health counseling. The Court requests placement at FMC Butner.

DATED this 16th day of October, 2019.

*Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court