IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–18–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM DAVID HUTTON, | |
| Defendant. | |

Following completion of competency restoration proceedings conducted at Federal Medical Center Butner, after which Forensic Psychologist Dr. Allyson N. Wood issued a report detailing her belief that Defendant William David Hutton was competent to stand trial, the Court held an initial hearing on July 21, 2020. Although counsel for Hutton initially believed Hutton competent and intended to advocate that position at the hearing, more recent interactions with Hutton had given him pause. The Court recessed the hearing to allow Dr. Wood to interview Hutton and revise her assessment if necessary. On August 7, 2020, Dr. Wood spoke with Hutton over the telephone for approximately 45 minutes. Dr. Wood became concerned when Hutton revealed grandiose delusions.

On August 25, 2020 the Court held its second hearing. Hutton was present and represented by counsel, John Rhodes. The United States of America was represented by Ryan Weldon. Dr. Wood appeared by video conference and

1

testified as to her belief that Hutton is currently suffering from an active phase of a delusional thought process that impairs his ability to assist counsel and understand the nature of the proceedings.  In short, she believed him no longer competent to proceed to trial.  Although Hutton has remained on his prescribed course of medication, Dr. Wood felt that his current condition could be explained by stressors that exacerbated his mental illness or by malingering.  Dr. Wood stated that if Hutton returned to her care, she would be able to run appropriate diagnostic tests to determine whether he was malingering, and/or make adjustments to his medication.  The parties agreed with Dr. Wood's assessment that Hutton is not presently competent to stand trial.

If, after holding a competency hearing, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General."  18 U.S.C. § 4241(d).  The court may commit the defendant for "such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability" that the defendant could regain competency.  *Id.* § 4241(d)(1).  Where necessary, the court may also commit the defendant for "an additional reasonable period" if the court finds that

there is a "substantial probability that within such additional period" the defendant would regain competency such that the proceedings could go forward. *Id.* § 4241(d)(2)(A). Although the statute does not define what constitutes an "additional reasonable period," the Ninth Circuit has upheld an additional period of commitment between four to eight months as reasonable. *United States v. Loughner*, 672 F.3d 731, 771 (9th Cir. 2012).

To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396–97, 400–01 (1993) (citations omitted). The defendant must have the "capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

After considering Dr. Wood's testimony and the position of counsel, the Court finds by a preponderance of the evidence that Hutton is not competent to stand trial at this juncture. Hutton's delusions impair his ability to consult with his lawyer and make rational decisions regarding his defense. The Court feels confident that with additional treatment under Dr. Wood's care there is a "substantial probability" that he can regain competency within an additional four-month period based on: (1) Hutton's willingness to work with Dr. Wood; (2)

Hutton's track record of positive cooperation with the staff at FMC Butner; (3) Hutton's willingness to continue his medication regimen; (4) Dr. Wood's assessment that his medication dosage or schedule may need some fine tuning; and (5) Hutton's prior ability to regain competency.  Pursuant to § 4241(d), the Court will order Hutton to the Attorney General to receive competency restoration treatments.  The Court requests placement at FMC Butner with a referral to Dr. Wood.  Accordingly,

    IT IS ORDERED that:

    (1) Defendant William David Hutton is presently declared mentally incompetent to stand trial in this cause and is recommitted to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d).

    (2) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(2), hospitalize Hutton for treatment in a suitable facility, in this case FMC Butner, for such a reasonable period of time, not to exceed four months, as is necessary to allow the defendant to "attain the capacity to permit the proceedings to go forward."  A reasonable extension may be granted if, after four months, it is determined that Hutton requires more time and the parties file an appropriate motion.

(3) The medical personnel supervising Hutton's treatment shall produce a brief status report every 30 days summarizing his condition, progress, and course of treatment.

(4) Said status report, as well as any additional or final reports on Hutton's medical or psychological condition, shall be disclosed to defense counsel and the United States Attorney and filed with this court under seal.

(5) The Clerk of Court shall notify the United States Marshals Service of the entry of this Order.

DATED this 25th day of August, 2020.

_____
Dana L. Christensen, District Judge
United States District Court