IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM DAVID HUTTON,<br><br>Defendant. | CR 19–18–BU–DLC<br><br><br><br>ORDER |

On April 12, 2021, the Court received a Forensic Evaluation Report prepared by Forensic Psychologist Allyson Wood at FMC Butner where Defendant William David Hutton is currently undergoing competency restoration treatment. Dr. Wood explained her opinion that Hutton is still not presently competent to stand trial. She requested an additional reasonable extension to continue treatment with the hope that Hutton may regain competency. (Doc. 38 at 8–9.)

This case has been pending for 21 months. (Doc. 41 at 2.) During this time, Hutton has spent approximately 10 months receiving intensive psychiatric care to restore his competency. (Doc. 40 at 5.) And although Hutton remains innocent of the crime charged, and thus any potential sentence is speculative, both parties agree that the Hutton's time in custody undergoing psychiatric care has likely already exceeded any custodial sentence that would have been imposed upon conviction. (Docs. 40 at 6; 41 at 2.) Accordingly, counsel for Hutton and the

1

Government both recognize that an additional period of treatment is not warranted here and that the next step is to determine whether Hutton poses a danger to himself or others such that civil commitment is necessary or whether he may be released. (Docs. 40 at 6; 41 at 3.) The Government further observes that, if civil commitment is not appropriate, it will likely move to dismiss the charges against Hutton. (Doc. 40 at 7.) Although Hutton is largely in agreement with the Government's position, he asserts that the Court lacks authority to order a dangerousness certification under 18 U.S.C. § 4246(a). (*See* Doc. 41 at 3.)

The Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241–47, governs the procedures here. Under § 4241, once a court makes the initial determination that a defendant is not competent to stand trial, the defendant is automatically committed to the custody of the Attorney General. The Attorney General, in turn, "shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]" § 4241(d)(1). Once this initial four-month evaluation period has concluded, a court may order an "additional reasonable" restorative-treatment period "if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward[] or the pending charges against

2

him are disposed of according to law." § 4241(d)(2). If reasonable efforts to restore the defendant to competency have been exhausted and "the defendant's mental condition has not so improved as to permit the proceedings to go forward," the question becomes whether to release the defendant or whether civil commitment is necessary because the defendant poses a considerable danger to himself or others. *See id.*

Here, the Court agrees with the parties that prolonging Hutton's treatment beyond the ten months he has already received is no longer reasonable. At this juncture, Hutton's mental condition "has not so improved" as to permit his prosecution to go forward, and the Court is skeptical that additional treatment will accomplish this goal. As such, the Court denies Dr. Wood's request to authorize an additional extension of Hutton's treatment. Now it is time to determine whether Hutton should be released.

The question is whether Hutton "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another[.]" § 4246(a). While § 4246 spells out the procedure for a civil commitment initiated by the director of the medical facility where the defendant is being treated,[1] the Insanity

---

[1] Section 4246(a) provides that:

Defense Reform Act is less than clear as to how a court may initiate the process. *See United States v. Wheeler*, 744 F. Supp. 633, 635 (E.D. Pa. 1990).

Hutton cites the Sixth Circuit's decision in *United States v. Barker*, 807 F.2d 1315 (6th Cir. 1986), for the proposition that the Court lacks authority to initiate the procedures under § 4246(a) (Doc. 41 at 3–4), but other courts—including ones within this District—disagree. *See, e.g.*, *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1026 (9th Cir. 2009) (affirming the district court's order granting temporary custody to the Attorney General for a dangerousness evaluation and to give the director the opportunity to file a certificate, if appropriate); *United States v. White*, No. CR 12-40-BLG-DWM, 2013 WL 3873000, at *2 (D. Mont. July 25, 2013) (ordering the released defendant back into the custody of the Attorney General for

---

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4246(a). This provision is not directly at issue here because the director of FMC Butner has not filed any certificate that would initiate a subsequent hearing.

a dangerousness evaluation where the director filed no certificate); *Wheeler*, 744 F. Supp. at 639 (concluding that where it is not clear that the director made a dangerousness determination, a district court has an independent obligation to conduct its own dangerousness inquiry by ordering an evaluation and then holding a hearing).  Although Hutton is correct that the Court cannot order the director to file a certificate—nor would doing so make sense given the limited circumstances where such a certificate is appropriate, *see id.* at 636—the Court finds it does have the authority to commit Hutton for a reasonable period not to exceed 45 days for a dangerousness evaluation.  18 U.S.C. § 4247(b); *Godinez-Ortiz*, 563 F.3d at 1032.

Depending on the results of this evaluation, the director of FMC Butner may elect to release Hutton, transfer him to a state facility, or file a certificate with the Court if appropriate.  If none of the above occurs, the Court will schedule a hearing to determine whether Hutton should be released.  Accordingly,

IT IS ORDERED that Hutton remains committed to the custody of the Attorney General for "a reasonable period, . . . not to exceed forty-five days" to determine whether he "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a), 4247(b).

IT IS FURTHER ORDERED that:

1. Pursuant to 18 U.S.C. § 4246(b), the Attorney General shall arrange a psychiatric examination of Defendant William David Hutton and produce a report of that evaluation to the Court.

2. Pursuant to 18 U.S.C. § 4247(c), the psychiatric report shall include:

(1) Hutton's history and present symptoms;

(2) a description of the psychiatric and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and whether Hutton is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

3. Pursuant to 18 U.S.C. § 4247(c), this report shall be submitted to the Court and counsel for both parties. The Court will schedule any necessary hearing by separate order.

DATED this 27th day of April, 2021.

_Dana L. Christensen_
Dana L. Christensen, District Judge
United States District Court