IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–18–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM DAVID HUTTON, | |
| Defendant. | |

Before the Court is the United States' Motion to Dismiss the Indictment Without Prejudice.  (Doc. 47.)  In response to this Court's prior order (Doc. 44), the parties have submitted respective filings on the issue of whether Defendant William David Hutton should be released from the custody of the United States' Attorney General.  (Docs. 45–46.)  Neither party objects to releasing Mr. Hutton and the United States has even moved to dismiss the operative indictment without prejudice.  (Doc. 47.)  For the reasons stated herein, the Court will order Mr. Hutton's immediate unconditional discharge from the Attorney General's custody and dismiss the charges against him.

## BACKGROUND

On July 11, 2019, the United States filed a criminal complaint charging Mr. Hutton with one count of destroying or attempting to destroy government property,

in violation of 18 U.S.C. § 1361.  Just a few days later, counsel for Mr. Hutton sought, and this Court ordered, that a psychological examination of Mr. Hutton be undertaken.  (Docs. 9–10.)  To facilitate this examination, Mr. Hutton was committed to the custody of the Attorney General.  (Doc. 10 at 2.)  In early August 2019, Mr. Hutton was officially indicted for allegedly violating 18 U.S.C. § 1361. (Doc. 13.)

Unfortunately, since then the parties and this Court have been trapped in a bit of a quagmire, repeatedly continuing adjudication of this case on the merits until the issue of Mr. Hutton's competency could be resolved.  The Court received an evaluation of Mr. Hutton, held a hearing, and found him to be mentally incompetent.  (Doc. 22.)  As such, Mr. Hutton was remanded back into the custody of the Attorney General so that it could be determined whether his mental condition would improve in the foreseeable future to permit this matter to proceed. (*Id.* 3.)  A second evaluation was received, another hearing was held, and this Court found Mr. Hutton's condition had failed to sufficiently improve.  (Doc. 36.) The Court was encouraged things might change, however, and ordered that Mr. Hutton's confinement and treatment continue.  (*Id.* at 4.)

The Court received another evaluation, decided further competency proceedings would be futile, and ordered a determination into whether Mr. Hutton's release would create a substantial risk of bodily injury or property

damage.  (Doc. 42.)  The resulting determination was that Mr. Hutton did not pose

such a risk and the Court ordered the parties to show cause why he should not be

released.  (Doc. 44.)  As noted above, everyone agrees the only path forward is Mr.

Hutton's unconditional release and dismissal of the pending indictment without

prejudice.  (Docs. 45–46.)

## ANALYSIS

Under federal law, when a criminal defendant suffers from a mental disease

or defect that prevents the matter from proceeding to trial, but the director of the

facility in which the defendant is confined has determined that their "release would

no longer create a substantial risk of bodily injury to another person or serious

damage to property of another," they must notify the Court.  18 U.S.C. § 4246(e).

If the Court agrees, it must order that the defendant "be immediately discharged."

*Id.*

Both the parties and the Court's obligations under this statute have been

triggered.  Mr. Hutton's treatment providers have concluded that Mr. Hutton "does

not appear to suffer from a mental disease or defect as a result of which his release

would create a substantial risk of bodily injury to another person or serious damage

to property of another."  (Doc. 43 at 1.)  The United States and counsel for Mr.

Hutton both agree with this conclusion.  (Docs. 45 at 6–7; 46 at 3–4.)

Additionally, both argue that Mr. Hutton must be released without any supervisory

conditions.  (Docs. 45 at 7; 46 at 5.)  The Court concurs, and, at his counsel's request, will order Mr. Hutton's immediate unconditional discharge be delayed until he has been transported back to Montana.  (Doc. 46 at 5.)

Accordingly, IT IS ORDERED that the motion (Doc. 47) is GRANTED.

IT IS FURTHER ORDERED the Court finds that Mr. Hutton presently suffers from a mental disease or defect that renders him incompetent to participate in further proceedings.

IT IS FURTHER ORDERED the Court finds that Mr. Hutton's release would not create a substantial risk of bodily injury to another person or serious damage to property of another.

IT IS FURTHER ORDERED that Mr. Hutton shall be unconditionally discharged from custody following his transportation back to Montana by the United States Marshals Service.

IT IS FURTHER ORDERED that the pending indictment (Doc. 13) is DISMISSED without prejudice.

The Clerk of Court is directed to close the case file.

DATED this 9th day of August, 2021.

Dana L. Christensen, District Judge
United States District Court

4